## BELL ET ALS. *vs.* WILLIAMS.

### APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

A party cannot cure defects in one affidavit, for a continuance, by making a second, in relation to facts within his knowledge, when the first was sworn to.

The diligence of which the law speaks, is not the doing of every thing possible, but every thing which is reasonable.

A party has no right to require his adversary to do every thing within the reach of industry to accomplish, in order to have the case ready for trial the first term, usual diligence is all that can be demanded.

In this case the citation was served on the 19th April, 1831, and an answer put in on the sixth May.

EASTERN DIST.
*March*, 1832.

BELL ET ALS.
*vs.*
WILLIAMS.

On the twenty-fourth, the defendant prayed for a continuance and made affidavit, that witnesses residing in New-Orleans, were material to his defence. The continuance was refused on the ground, that due diligence had not been used. The defendant then made another affidavit, which was not deemed sufficient, and from a judgment in favor of the plaintiffs, the defendant appealed.

*Barton*, for appellant.

*Downs*, for appellee, urged:

That the court did not err, in refusing a continuance. Because due diligence was not used. *Code of Practice*, 464, 425. 3 *Martin, N. S.* 293.

*Porter, J.* delivered the opinion of the court.

The citation in this case, was served on the 24th April, 1831, and the cause was put at issue, at the term to which the citation was returnable. The answer was filed on the ninth, on the twentieth, the defendant moved for a continuance, and swore that two witnesses, residing in New-Orleans, were material to his defence, &c. The continuance was objected to, on the ground, that the defendant had not used due diligence to procure the testimony. The court was of the same opinion and overruled the motion.

*A party cannot cure defects in one affidavit, for a continuance, by making a second in relation to facts within in his knowledge when the first was sworn to.* The defendant then made another affidavit, which the judge also considered insufficient. We have not taken this affidavit into consideration, as we are unacquainted with any rule of practice, which permits parties to cure defects in one affidavit for a continuance, by making a second, in relation to facts within their knowledge, when the first was sworn to.

*The diligence of which the law speaks is not the doing of every thing possible, but every thing which is reasonable.* But we think, the first affidavit justified the application. It was the first term at which the cause was at issue, and the diligence of which the law speaks, is not the doing of every thing possible, but every thing which is reasonable. It was perhaps practicable, for the defendant, by taking out a commission on the day he filed his answer, and immediately forwarding it to the city of New-Orleans, to have obtained

the testimony before the cause was called for trial, but we do not think he was under an obligation to do so. The affidavit for a continuance, sustains the allegation in answer, and for the purposes of our present inquiries, must be taken as true. If it be, then the plaintiffs are enforcing a claim to a greater extent than they are authorised to do, and they have no right to ask, that their adversary shall do any thing within the reach of industry to accomplish, in order to have the case ready for trial the first term. All they have a right to demand is, that the usual diligence shall be used ; as far as our knowledge of practice extends, there was not a want of due diligence in failing to get the testimony, at the term of the court; the cause was put at issue, when the evidence was at a distance.

We come the more readily to this conclusion, because on the proof given, we have strong doubts, whether the judgment below could be confirmed. The note was payable at the office of Discount and Deposite in the United States Bank of New-Orleans. No demand appears to have been made there, and we do not see, how the case could be taken out of the rule established in the cases of *Mellon* vs. *Croghan*, 3 *N. S.*, 423, and *Smith* vs. *Robinson*, 2 *Miller's Reports*, 405.

It is, therefore ordered, adjudged and decreed, that the judgment of the District Court, be annulled, avoided and reversed ; and it is further ordered, adjudged and decreed, that the cause be remanded to the District Court, to be proceeded in according to law, the appellee paying costs of this appeal.